right to recover; but by the court's refusal to charge, and practical acquiescence in the attitude of plaintiff's attorney, the jury were permitted to give a verdict if they concluded that the car had not been stopped, but was moving only slowly, which was an issue not tendered; and upon this view the verdict might have been found upon the very evidence which the defendant submitted to defeat the recovery—to meet the issue tendered by the complaint. Direct authority for this holding may be found in Coleman v. Met. St. R. Co., 82 App. Div. 435, 81 N. Y. Supp. 836, and authorities cited.

The judgment and order of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event.

BURR and MILLER, JJ., concur. HIRSCHBERG, P. J., and RICH, J., dissent.

---

### JOHNSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

CARRIERS (§ 320*)—ACCIDENT TO PASSENGER—QUESTION FOR JURY.

Plaintiff, in an action against a street railway company for personal injuries, testified that he was a passenger on the rear platform of a bridge car, and where the cars let go of the cable the bumper of the car behind the one he was on overrode the platform on which he was standing, crushing his foot. *Held* that, though the story seemed improbable, its truth was for the jury, and if impossible, as defendant contended, it should have presented evidence to that effect.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 320.*]

Appeal from Trial Term, Kings County.

Action by William M. Johnson against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Edward J. Byrne, for appellant.
D. A. Marsh, for respondent.

MILLER, J. This is an appeal from a judgment entered on a nonsuit granted at the close of the plaintiff's case. The action is for negligence. The plaintiff's story is that he was a passenger on the rear platform of one of the bridge cars, and that, at the place where the cars let go of the cable, the bumper or platform of the car behind the one he was on overrode the platform upon which he was standing, catching and crushing his foot. The plaintiff testified:

"We came across the bridge until they let go of the cable on this side. The forward cars let go first. The last car hung to it until it gave two or three very hard, violent jerks. The last platform crowded over the top of the one that I was on, catching my foot and jamming it, striking it twice real hard."

The plaintiff's story seems improbable, but it cannot be said that it was incredible as a matter of law. If the accident happened as

---

claimed by the plaintiff, the defendant was called upon to explain it. If it was impossible, as the defendant now contends, evidence should have been presented to show that. From our knowledge of the operation of these trains, we cannot say that the accident could not have happened. The truth of the plaintiff's story was for the jury.

The judgment is reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.